

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### OFFICE OF THE CLERK
M. L. KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-3730

CAMDEN OFFICE
ONE JOHN F. GERRY PLAZA
FOURTH & COOPER STREETS
CAMDEN, NJ 08101

TRENTON OFFICE
402 EAST STATE STREET
ROOM 2020
Trenton, NJ 08608

Reply to CAMDEN

William T. Walsh

Clerk

February 18, 2015

United States District Court
Eastern District of Pennsylvania
601 Market Street #2609
Philadelphia, PA  19106

> **Re: U.S.A. -vs- Ronald Fisher**
> **Our # 09-cr-00135**
> **Your # 15-cr-20**

Dear Clerk,

A Transfer of Jurisdiction Order (Prob 22 form) has been filed with this District in the above-captioned case. This District considers the electronic record to be the original pursuant to Federal Rules of Criminal Procedure 49(d), Local Civil Rule 5.2 and paragraph 7 of the Court's Electronic Case Filing Policies and Procedures. The original records of this Court can be obtained by accessing CM/ECF through PACER. Certified copies of any document not available through PACER are enclosed . Kindly acknowledge receipt on the duplicate of this letter, which is provided for your convenience.

Sincerely,

WILLIAM T. WALSH, Clerk

By: s/ Luz E. Castro
Deputy Clerk

cc: Probation

**RECEIPT ACKNOWLEDGED BY:** _____

**DATE:** _____.

| PROB 22<br>(Rev. 2/88) | **TRANSFER OF JURISDICTION** | **RECEIVED**<br>JAN 2 8 2015<br>U.S. PROBATION OFFICE<br>NEWARK, NJ | DOCKET NUMBER *(Tran. Court)*<br>09-00135-001 |
|---|---|---|---|
| | | | DOCKET NUMBER *(Rec. Court)*<br>15a 20 - FILE |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE:<br><br>Ronald Fisher<br>Philadelphia, Pennsylvania<br><br>FILED<br>JAN 16 2015<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk | DISTRICT<br>New Jersey | DIVISION |
|---|---|---|
| | NAME OF SENTENCING JUDGE<br>Jerome B. Simandle | |
| | DATES OF PROBATION/<br>SUPERVISED RELEASE: | FROM<br>06/24/14 | TO<br>06/23/17 |

OFFENSE

Conspiracy to Commit Bank Fraud, 18 USC 371 (18 USC 1344).

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the EASTERN DISTRICT OF PENNSYLVANIA upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

December 23, 2014
_____
*Date*

*Jerome B. Simandle*
_____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

FILED
JAN 20 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

1/20/2015
_____
*Effective Date*

_____
*United States District Judge*

**RECEIVED**

FEB 09 2015

U.S. PROBATION OFFICE
CAMDEN, NJ



CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Camden)
## CRIMINAL DOCKET FOR CASE #: 1:09-cr-00135-JBS-1

Case title: USA v. FISHER
Magistrate judge case number: 1:08-mj-02068-JS

Date Filed: 02/27/2009
Date Terminated: 08/10/2009

Assigned to: Judge Jerome B. Simandle

**Defendant (1)**

**RONALD FISHER**
*TERMINATED: 08/10/2009*

represented by **MARTIN I. ISENBERG**
HIGH RIDGE COMMONS
200 HADDONFIELD-BERLIN ROAD

SUITE 200
GIBBSBORO, NJ 08026
(856) 782-8222
Email: misenbergesq@comcast.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

In Violation of 18 USC 371 -
CONSPIRACY TO DEFRAUD THE
UNITED STATES
(1)

**Disposition**

56 months imprisonment, 3 years
supervised release, Restitution
$110,961.20, S.A. $100.00

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

18:371.F, THAT IS CONSPIRACY TO
DEFRAUD U.S.

**Disposition**

**Plaintiff**

USA                                    represented by **MATTHEW J. SKAHILL**
                                                      U.S. ATTORNEY'S OFFICE
                                                      401 MARKET STREET
                                                      4TH FLOOR
                                                      CAMDEN, NJ 08101
                                                      (856) 757-5026
                                                      Email: Matthew.Skahill@usdoj.gov
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/12/2008 | 1 | SEALED COMPLAINT as to RONALD FISHER (1). (sk, ) (bb, ). [1:08-mj-02068-JS] (Entered: 08/12/2008) |
| 08/12/2008 | 2 | Order to Seal Case as to RONALD FISHER. Signed by Magistrate Judge Joel Schneider on 8/12/2008. (sk, ) (bb, ). [1:08-mj-02068-JS] (Entered: 08/12/2008) |
| 09/03/2008 | 4 | Order to Unseal Case as to RONALD FISHER. Signed by Magistrate Judge Joel Schneider on 9/3/2008. (sk) [1:08-mj-02068-JS] (Entered: 09/03/2008) |
| 09/03/2008 | 5 | Minute Entry for proceedings held before Magistrate Judge Joel Schneider:Attorney Appointment Hearing as to RONALD FISHER held on 9/3/2008. M. Isenberg appointed as CJA Counsel for Defendant pending execution of financial affidavit. Initial Appearance as to RONALD FISHER held on 9/3/2008. Initial Appearance tentatively rescheduled for 9/5/2008 at 1:30 p.m. pending Defendant's medical condition. (Disc #34.) (sk) [1:08-mj-02068-JS] (Entered: 09/04/2008) |
| 09/03/2008 | 6 | CJA 20 as to RONALD FISHER: Appointment of Attorney MARTIN I. ISENBERG for RONALD FISHER. Signed by Magistrate Judge Joel Schneider on 9/3/2008. (sk) (sk, ). [1:08-mj-02068-JS] (Entered: 09/05/2008) |
| 09/05/2008 | 7 | Minute Entry for proceedings held before Magistrate Judge Joel Schneider:Initial Appearance as to RONALD FISHER held on 9/5/2008. Detention Hearing as to RONALD FISHER held on 9/5/2008. Defendant consents to detention. Defendant remanded to custody of U.S. Marshals. (Disc #34.) (sk) [1:08-mj-02068-JS] (Entered: 09/05/2008) |
| 09/05/2008 | 8 | ORDER OF DETENTION as to RONALD FISHER. Signed by Magistrate Judge Joel Schneider on 9/5/2008. (sk) (sk, ). [1:08-mj-02068-JS] (Entered: 09/08/2008) |
| 09/05/2008 | 9 | ORDER TO CONTINUE - Ends of Justice as to RONALD FISHER Time excluded from 9/5/2008 until 11/3/2008. Signed by Magistrate Judge Joel Schneider on 9/5/2008. (sk) [1:08-mj-02068-JS] (Entered: 09/08/2008) |
| 10/29/2008 |  | Setting Reset Hearings as to RONALD FISHER: Detention Hearing set for 11/18/2008 at 01:30 PM in Camden - Courtroom 3C before Magistrate Judge Joel Schneider. (sk) [1:08-mj-02068-JS] (Entered: 10/29/2008) |

| | | |
|---|---|---|
| 10/29/2008 | | Terminate Hearings as to RONALD FISHER: 11/18/2008 Detention hearing. (sk) [1:08-mj-02068-JS] (Entered: 11/19/2008) |
| 10/29/2008 | | Setting Hearings as to RONALD FISHER: Bail Hearing set for 11/18/2008 at 01:30 PM in Camden - Courtroom 3C before Magistrate Judge Joel Schneider. (sk) [1:08-mj-02068-JS] (Entered: 11/19/2008) |
| 10/29/2008 | 14 | Letter from Counsel requesting Bail Hearing. (sk) [1:08-mj-02068-JS] (Entered: 11/19/2008) |
| 11/10/2008 | 11 | ORDER TO CONTINUE - Ends of Justice as to RONALD FISHER. Time excluded from 11/12/2008 until 1/11/2009. Signed by Magistrate Judge Joel Schneider on 11/10/2008. (sk) [1:08-mj-02068-JS] (Entered: 11/12/2008) |
| 11/18/2008 | 12 | Minute Entry for proceedings held before Magistrate Judge Joel Schneider:Bail Hearing as to RONALD FISHER held on 11/18/2008. Third Party Custodian appointed. Bail set at $50,000.00 unsecured with conditions. (CD #36.) (sk) [1:08-mj-02068-JS] (Entered: 11/19/2008) |
| 11/18/2008 | 13 | ORDER Setting Conditions of Release as to RONALD FISHER (1); $50,000.00 unsecured with conditions. Signed by Magistrate Judge Joel Schneider on 11/18/2008. (sk) [1:08-mj-02068-JS] (Entered: 11/19/2008) |
| 11/18/2008 | | Appearance Bond Entered as to RONALD FISHER in amount of $50,000.00 unsecured with Conditions. (sk) [1:08-mj-02068-JS] (Entered: 11/19/2008) |
| 01/08/2009 | 15 | ORDER TO CONTINUE - Ends of Justice as to RONALD FISHER. Time excluded from 1/11/2009 until 3/12/2009. Signed by Magistrate Judge Joel Schneider on 1/8/2009. (sk) [1:08-mj-02068-JS] (Entered: 01/13/2009) |
| 02/27/2009 | 16 | INFORMATION as to RONALD FISHER (1) count(s) 1. (mb, ) (Entered: 02/27/2009) |
| 02/27/2009 | 17 | WAIVER OF INDICTMENT by RONALD FISHER (mb, ) (Entered: 02/27/2009) |
| 02/27/2009 | 18 | Minute Entry for proceedings held before Judge Jerome B. Simandle:Initial Appearance, Plea Agreement Hearing, Plea entered by RONALD FISHER (1) Guilty Count 1., ( Sentencing set for 6/12/2009 09:30 AM in Camden - Courtroom 4A before Judge Jerome B. Simandle.) (Court Reporter/Recorder LISA MARCUS.) (mb, ) (Entered: 02/27/2009) |
| 02/27/2009 | 19 | APPLICATION for permission to enter Plea of guilty as to RONALD FISHER. (mb, ) (Entered: 02/27/2009) |
| 02/27/2009 | 20 | PLEA AGREEMENT as to RONALD FISHER (mb, ) (Entered: 02/27/2009) |
| 02/27/2009 | | Notice of Allocation and Assignment - Case Assigned to Judge Simandle - Camden(mb, ) (Entered: 02/27/2009) |
| 03/05/2009 | 21 | BAIL ORDER with conditions as to RONALD FISHER. Signed by Judge Jerome B. Simandle on 3/5/09. (lc) (Entered: 03/05/2009) |
| 05/26/2009 | | Reset Hearings as to RONALD FISHER: Sentencing reset for 8/7/2009 09:30 AM in Camden - Courtroom 4A before Judge Jerome B. Simandle. (mb, ) |

| | | |
|---|---|---|
| | | (Entered: 05/26/2009) |
| 08/07/2009 | 22 | Minute Entry for proceedings held before Judge Jerome B. Simandle:Sentencing held on 8/7/2009 for RONALD FISHER (1), Count(s) 1, 56 months imprisonment, 3 years supervised release, Restitution $110,961.20, S.A. $100.00. Ordered deft remanded. (Court Reporter/Recorder Lisa Marcus.) (th, ) (Entered: 08/10/2009) |
| 08/10/2009 | 23 | JUDGMENT as to RONALD FISHER (1), Count(s) 1, 56 months imprisonment, 3 years supervised release, Restitution $110,961.20, S.A. $100.00. Signed by Judge Jerome B. Simandle on 8/10/09. (th, ) (Entered: 08/10/2009) |
| 01/31/2011 | 24 | Letter from Deft. Ronald Fisher addressed to Judge Simandle re: Requesting to be considered credit for time served from 11/18/08 through 8/7/09 on pretrial release on home confinement with electronic monitoring(lec) (Entered: 02/03/2011) |
| 02/02/2011 | 25 | Letter from Hon. Jerome B. Simandle addressed to deft. Ronald Fisher in response to 24 letter to be considered for credit for time served on pretrial release on home confinement. (lec) (Entered: 02/03/2011) |
| 02/04/2015 | 27 | Letter from RONALD FISHER addressed to Chief Judge Jerome B. Simandle re: Requesting early termination of supervised released. (lec) (Entered: 02/05/2015) |
| 02/18/2015 | 28 | Jurisdiction Transferred to Eastern District of Pennsylvania as to RONALD FISHER; Transmitted Transfer of Jurisdiction form, with instructions for Retrieving Electronic Case Files. (lec) (Additional attachment(s) added on 2/18/2015: # 1 Transmittal letter) (lec). (Entered: 02/18/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/23/2015 16:38:17 | | | |
| **PACER Login:** | dz2079:4263411:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:09-cr-00135-JBS Start date: 1/1/1970 End date: 2/23/2015 |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

Case Number    1:09-CR-00135-01

RONALD FISHER

Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, RONALD FISHER, was represented by Martin Isenberg, Esq.

The defendant pled guilty to count(s) ONE of the INFORMATION on 2/27/09. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18 USC 371(18 USC 1344) | Conspiracy to Commit Bank Fraud | 12/06 thru 8/07 | 1 |

As pronounced on 8/7/09, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count(s) One, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 10ᵗʰ day of AUGUST, 2009.

JEROME B. SIMANDLE
United States District Judge

19132

AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Judgment – Page 2 of 6

Defendant:     RONALD FISHER
Case Number:   1:09-CR-00135-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 56 Months.

The Court makes the following recommendations to the Bureau of Prisons: That the defendant be designated to an institution near his home in Philadelphia, PA.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____

At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245B (Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Judgment — Page 3 of 6

Defendant: RONALD FISHER
Case Number: 1:09-CR-00135-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page).

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant shall participate in a mental health program for evaluation and/or treatment as directed by the U.S. Probation Office. The defendant shall remain in treatment until satisfactorily discharged and with the approval of the U.S. Probation Office.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the restitution obligation or otherwise has the express approval of the Court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall participate in an approved program for domestic violence.

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Judgment – Page 4 of 6

Defendant:     RONALD FISHER
Case Number:   1:09-CR-00135-01

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____      _____
                           Defendant                                        Date

                  _____      _____
                  U.S. Probation Officer/Designated Witness            Date

AO 245B (Mod. D/NJ 12/06) Sheet 6 - Restitution and Forfeiture

Judgment – Page 5 of 6

Defendant: RONALD FISHER
Case Number: 1:09-CR-00135-01

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution in the total amount of $110,961.20. The Court will waive the interest requirement in this case. Payments should be made payable to the **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608, for proportionate distribution to the following victims in the following amounts:

| Name of Payee (Victim) | Amount of Restitution |
|---|---|
| The Bank<br>Attention: Regional Security Officer<br>100 Park Ave.<br>Woodbury New Jersey 08096 | $7628.64 |
| TD North<br>Corporate Security & Investigations<br>9000 Atrium Way<br>Mt. Laurel NJ 08054 | $37,395.47 |
| Bank of America<br>Restitution Unit<br>M01-800-06-15<br>800 Market Street<br>St. Louis, Mo 63101-2510<br>Attn: Kip W. Fraemer | $2925.00 |
| National Penn Bank<br>1053 Sunset Drive, Suite 1<br>Pottstown, PA 19464 | $3,600.00 |
| Sun National Bank<br>226 Landis Avenue<br>Vineland, NJ 08360<br>Attn: Mark Iannarella, AV | $8,379.87 |
| Wachovia Bank<br>Corporate Fraud Investigative Services<br>NJ 5710<br>32 East Front Street<br>Trenton, NJ 08608 | $24,080.97 |
| PNC/Yardville Bank<br>8800 Tinicum Boulevard, 5th Floor<br>Philadelphia, PA 19153<br>Attn: Laurie Kane, Investigative Service Group | $25,086.14 |

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 1:09-cr-00135-JBS   Document 23   Filed 08/10/09   Page 6 of 6 PageID: 69

AO 245B (Mod. D/NJ 12/06) Sheet 6 - Restitution and Forfeiture

Judgment – Page 6 of 6

Defendant:      RONALD FISHER
Case Number:   1:09-CR-00135-01

Susquehanna Bancshares, Inc.
Loss Prevention Department                          $1,865.11
P.O. Box 1000
26 North Cedar Street
Lititz. PA 17543

The amounts ordered represent the total amounts due to the victims for these losses. The defendant's restitution obligations shall not be affected by any restitution payments made by other defendants in this case, except that no further payments shall be required after the sums of the amounts actually paid by all defendants has fully satisfied these losses. The following defendant(s) in the following case(s) may be subject to restitution orders to the same victims for these same losses:

| | |
|---|---|
| Nathaniel Jenkins | Cr. No.: 09-00022-001 |
| Nicole Taylor | Cr. No.: 08-00303-001 |
| Amanda Brown | Cr. No.: 08-00392-001 |
| Sarah Allen | Cr. No.: 08-00458-001 |

The restitution if due immediately.  It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program(IFRP). If the defendant participates in the IFRP, the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $250.00, to commence 30 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

2007R00844/mj8

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 09-135 (JBS) |
| | : | |
| | : | |
| v. | : | 18 U.S.C. § 371 |
| | : | |
| | : | |
| RONALD FISHER | : | |
| | : | |

## INFORMATION

The defendant having waived in open court prosecution by indictment, the Acting United States Attorney for the District of New Jersey charges:

1.    At all times relevant to this Information, Bank of America, The Bank, Commerce Bank N.A., Penn Bank, PNC Bank, Sun Bank, Susquehana Bank, T.D. Banknorth N.A., Wachovia Bank and Yardville National Bank (hereinafter "the Victim Banks") were financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation.

2.    Between in or about December 2006 through in or about August 2007, in Camden and Gloucester counties, in the District of New Jersey, and elsewhere, the defendant,

RONALD FISHER,

did knowingly and willfully conspire and agree with Sarah Allen, Amanda Brown, Nicole Taylor, Nathaniel Jenkins, E.W., and others to execute a scheme and artifice to defraud financial institutions, and to obtain money, funds, credits, assets, and

other property owned by and under the custody and control of financial institutions, namely the Victim Banks, by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344.

## OBJECT OF THE CONSPIRACY

3.   It was the object of the conspiracy to present counterfeit and forged checks at the Victim Banks, which purported to be drawn against accounts at the Victim Banks, and to withdraw money from those accounts before the Victim Banks discovered that the checks were fraudulent.

## MANNER AND MEANS

4.   It was part of the conspiracy that Nathaniel Jenkins recruited Sarah Allen, Amanda Brown, and Nicole Taylor (collectively "the check cashers") in Lancaster County, Pennsylvania to present counterfeit and forged checks at the Victim Banks.

5.   It was further part of the conspiracy that Nathaniel Jenkins transported and caused to be transported the check cashers from Lancaster County, Pennsylvania to the District of New Jersey to meet with defendant RONALD FISHER with the intent that the check cashers present counterfeit and forged checks at the Victim Banks.

6.   It was further part of the conspiracy that defendant RONALD FISHER provided the check cashers with

2

counterfeit and forged checks and fraudulent identification cards, which were obtained from E.W.

7. It was further part of the conspiracy that at defendant RONALD FISHER's and Nathaniel Jenkins's direction, the check cashers presented counterfeit and forged checks and fraudulent identification cards at the Victim Banks in an effort to fraudulently obtain money. The check cashers fraudulently cashed approximately 84 counterfeit and forged checks at the Victim Banks resulting in approximately $132,742.75 in loss to the Victim Banks.

8. It was further part of the conspiracy that the check cashers provided the money, which each caused to be unlawfully withdrawn from accounts at the Victim Banks to defendant RONALD FISHER. Defendant RONALD FISHER provided one third of the proceeds to E.W., one third to Nathaniel Jenkins, and kept the remaining one third. Nathaniel Jenkins paid the check cashers from his share of the proceeds.

### OVERT ACTS

9. In furtherance of the conspiracy and to effect its object, defendant RONALD FISHER and his co-conspirators committed or caused the commission of the following overt acts in the District of New Jersey and elsewhere:

    a. On or about April 6, 2007, defendant RONALD FISHER provided Amanda Brown with a counterfeit check,

3

drawn against M.A.C.'s account, and payable to J.I.

b.   On or about April 6, 2007, Amanda Brown, at the direction of defendant RONALD FISHER and Nathaniel Jenkins, presented a counterfeit check, drawn against M.A.C.'s account, and payable to J.I., at Commerce Bank N.A., in Turnersville, New Jersey.

c.   On or about April 6, 2007, Amanda Brown caused $1,936.77 to be unlawfully withdrawn from M.A.C.'s account and paid to Brown by Commerce Bank N.A. in Turnersville, New Jersey, the proceeds of which were provided to defendant RONALD FISHER, Nathaniel Jenkins and E.W.

In violation of Title 18, United States Code, Section 371.


RALPH J. MARRA, JR.
ACTING UNITED STATES ATTORNEY

4

CASE NUMBER: <u>2007R00844</u>

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

RONALD FISHER

# INFORMATION FOR

Title 18, United States Code,
Section 371

## RALPH J. MARRA, JR.
*ACTING U.S. ATTORNEY NEWARK, NEW JERSEY*

MATTHEW J. SKAHILL
*ASSISTANT U.S. ATTORNEY*
*CAMDEN, NEW JERSEY*
*856-968-4929*